FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LESTER L.,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 1:17-CV-03136-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS**

    Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment **in part** and remands for additional proceedings consistent with this order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

# I.     Jurisdiction

Plaintiff filed his application for Supplemental Security Income on November 4, 2010. AR 26, 174. His amended alleged onset date of disability is November 10, 2010. AR 53, 530. Plaintiff's application was initially denied on February 1, 2011, AR 117-20, and on reconsideration on June 29, 2011, AR 124-25. A hearing with Administrative Law Judge ("ALJ") Ilene Sloan occurred on August 20, 2012. AR 49-89. On August 30, 2012, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 26-43. The Appeals Council denied Plaintiff's request for review on June 20, 2014, AR 1-3. The Federal District Court for the Eastern District of Washington granted Plaintiff's motion for summary judgment and remanded for further proceedings on August 3, 2015. AR 644-69. Plaintiff also filed a duplicative application for Supplemental Security Income on July 9, 2014, that was combined with this application on remand. AR 550, 682.

A subsequent hearing with ALJ Sloan occurred on June 28, 2016. AR 557-87. On May 22, 2017, the ALJ issued a decision again finding Plaintiff ineligible for disability benefits. AR 530-47.

Plaintiff timely filed the present action challenging the denial of benefits, on August 10, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.   Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here.  Plaintiff was 46 years old at the alleged date of onset. AR 174, 545. He has a high school education and is able to communicate in

English. AR 193, 336, 545, 806. Plaintiff has past relevant work as an automotive body repair helper. AR 200, 545, 806-07. Plaintiff has a long history of abusing alcohol, marijuana, methamphetamine, and cocaine. AR 34, 451, 533-42, 1048.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff is under a disability, but that a substance use disorder is a contributing factor material to the determination of disability and as such, Plaintiff has not been disabled within the meaning of the Act from November 10, 2010, through the date of the ALJ's decision. AR 531, 547.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 10, 2010 (citing 20 C.F.R. §§ 416.920(b) and 416.971 *et seq*.). AR 533.

**At step two**, the ALJ found Plaintiff had the following severe impairments: human immunodeficiency virus (HIV), hepatitis, chronic obstructive pulmonary disease (COPD)/emphysema, peripheral neuropathy, mood disorder (alternatively referred to at times as depressive and bipolar disorders), anxiety, antisocial personality disorder, attention deficit hyperactivity disorder (ADHA), cannabis dependence, alcohol abuse, and polysubstance abuse (citing 20 C.F.R. § 416.920(c)). AR 533.

\\

\\

At **step three**, the ALJ found that Plaintiff's impairments, including the substance use disorder, meet Listing 12.04 of 20 C.F.R. § 404, Subpt. P, App. 1, but that if Plaintiff stopped the substance use he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. § 404, Subpt. P, App. 1. AR 533-34.

**At step four**, the ALJ found that if Plaintiff stopped the substance use, Plaintiff would have the residual functional capacity to perform light work, except: he would be able to frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; he could unlimitedly balance; he could frequently stoop, kneel, crouch, and crawl; he would need to avoid concentrated exposure to extreme cold, fumes, odors, dust, gases, and poor ventilation; he would need to avoid all exposure to hazards such as moving machinery and unprotected heights; he could understand, remember, and carry out simple, routine tasks; he could have no contact with the general public; he could not perform tandem tasks or tasks involving a cooperative team effort; he could have occasional, brief, and superficial contact with coworkers; and he could adapt to simple workplace changes. AR 536.

The ALJ found that Plaintiff is unable to perform his past relevant work. AR 545.

**At step five**, the ALJ found, that if Plaintiff stopped the substance use, in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 546. These include production assembler, housekeeping cleaner, hand packager, packing line worker, mail clerk, and marker. AR 546-47.

## VI.    Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) finding Plaintiff's HIV diagnosis did not meet Listing 14.11 at step 3; (2) determining that Plaintiff's drug and alcohol abuse is a contributing factor material to the disability determination; (3) improperly evaluating Plaintiff's subjective complaint testimony; and (4) improperly evaluating the medical opinion evidence.

## VII.   Discussion

### A. The ALJ erred in failing to meaningfully evaluate Listing 14.11.

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). "[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative

tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). That being said, an "ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). Here, Plaintiff did *not* present such evidence to the ALJ in his pre-hearing brief or his arguments at the hearing, that his HIV-related symptoms were sufficient to meet any subparts of Listing 14.11.

As Plaintiff made no effort before the ALJ to establish his HIV diagnosis met Listing 14.11, the ALJ's analysis of Listing 14.11 reads, in full: "[t]he claimant's HIV has been well maintained even [when] he was not on an antiretroviral regimen and there is no indication or allegation that his condition is of listing level severity under section 14.11." AR 534. This is type of "boilerplate finding is insufficient" under Ninth Circuit law. *See Lewis*, 236 F.3d at 512. The ALJ's failure to meaningfully discuss Listing 14.11, due to Plaintiff's failure to present any argument to the ALJ that his symptoms should meet the Listing, has resulted in Plaintiff asking this Court essentially to review Plaintiff's medical records in the first instance to determine whether Listing 14.11 applies, rather than review the ALJ's analysis as contemplated by the statutory and regulatory framework.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 10**

There is evidence in the record relevant to at least some of the subparts of Listing 14.11 on which Plaintiff relies. Such as the required CD4 count of less than 200 possibly even when he was actively taking his medications. There are also a plethora of records noting that Plaintiff's condition was well maintained even when he was not taking his medications and his condition did not deter or limit him from performing significant daily activities. The ALJ is better suited than this Court to determine in the first instance how those symptoms related to Plaintiff's HIV as well as the other symptoms and records would be medically equivalent to Listing 14.11. Faced with similarly deficient analysis by ALJs, courts have remanded for further administrative proceedings because the ALJ "is in a better position to evaluate the medical evidence" than a district court. *Santiago v. Barnhart*, 278 F. Supp. 2d 1049, 1058 (N.D. Cal. 2003); *see also, e.g.*, *Galaspi-Bey v. Barnhart*, No. C-01-01770-BZ, 2002 WL 31928500, at *3 (N.D. Cal. Dec. 23, 2002). On remand, the ALJ should specifically consider and discuss whether Plaintiff's impairments meet or equal a listing related HIV, specifically Listing 14.11G.

**B. The ALJ did not err in finding that substance abuse is a contributing factor material to the determination of disability.**

If a claimant is found disabled and there is medical evidence of a substance use disorder, the ALJ must determine if the substance use disorder is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J).

Where the medical record indicates alcoholism or drug addiction, the ALJ must evaluate "which of [the claimant's] current physical and mental limitations . . . would remain if [he] stopped using drugs or alcohol and then determine whether any or all of [the] remaining limitations would be disabling." 20 C.F.R. § 416.935(b)(2). If a claimant's remaining limitations would not be disabling, the alcoholism or drug use is "a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(b)(2)(i). An individual is not disabled pursuant to the Social Security Act where substance use is a contributing factor material to the determination of disability. 42 U.S.C. § 1382(a)(3)(J). Plaintiff bears the burden of proving his substance abuse is not a contributing factor material to the finding of disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

Plaintiff argues that the ALJ's determination at step three, that his substance use disorder is a contributing factor material to the determination of disability, is not supported by substantial evidence. Plaintiff alleges that his symptoms would persist to the same degree even absent the substance abuse because there are a few notes in the record where Plaintiff continued to suffer from his symptoms despite his reported sobriety, and because the ALJ's decision is not as clear as he would like it to be. ECF No. 12 at 8-13.

The ALJ found Plaintiff disabled at step three because his impairments, including the substance use disorder, met the criteria of Listing 12.04 because

Plaintiff had marked limitations in at least two of the four areas of functioning in the paragraph B criteria. AR 534. The Paragraph B criteria require the impairment resulting in at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, and pace; or repeated episodes of decompensation, each of an extended duration. As the ALJ explained, Plaintiff satisfied the Paragraph B criteria when including his substance use disorder because he is markedly limited in at least two areas of functioning. *Id*.

When conducting the substance use materiality analysis at step three, the ALJ determined that Plaintiff would not meet or equal the Listings if he stopped the substance abuse. AR 534-36. The ALJ found that Plaintiff would not meet any of the Section 12.00 Listings because he cannot establish marked limitations in at least two of the four Paragraph B criteria. Specifically, the ALJ found Plaintiff only moderately limited in the four areas of functioning in the paragraph B criteria. *Id*.

The ALJ's determination that Plaintiff's substance abuse is a material contributing factor is supported by the record. The ALJ's decision is supported by Plaintiff's level of activities when sober, including woodworking, fishing for fun, helping build his friend's deck, performing tasks around other people's homes, staying busy by gardening, fishing, and cleaning his apartment, visiting his friend

every day, shopping, riding his bicycle, and walking to AA meetings (AR 535, 567, 569, 573, 1105, 1163, 1171); his improved ability to interact with others when sober, including visiting his friend every day and doing woodworking for friends and neighbors (AR 883); and Plaintiff's medical records when he was sober noting that he was stable, was less irritable and more relaxed, therapy was going well, and mostly unremarkable mental status examinations showing Plaintiff was alert and oriented; had normal affect and "stable" mood; was cooperative; displayed no abnormal movements; and had intact memory, attention, and concentration his lack of treatment when sober (AR 536, 540-41, 1129, 1134, 1153-55, 1163, 1184-85, 1281, 1285). Additionally, the ALJ noted that State agency psychological consultants concluded that Plaintiff's mental impairments would not satisfy the paragraph B criteria if Plaintiff stopped the substance use. AR 94-95, 108, 438, 536 634.

Substantial evidence from the record supports the ALJ's determination that, absent Plaintiff's substance use, he would not be disabled. Thus, the ALJ properly concluded that the substance use disorder is a contributing factor material to the determination of disability. AR 534-36. Importantly, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If the evidence can support either outcome, the court may not substitute its judgment for

that of the ALJ." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (internal quotation marks omitted). The ALJ did not err in finding that substance abuse is a contributing factor material to the determination of disability.

**C. The ALJ properly weighed the medical opinion evidence.**

    **a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

**b.  Neil Barg, M.D.; Lesley McGalliard, M.D.; Greg Sawyer, M.D.; Ivonne Garcia, MHP, MSW; Dick Moen, MSW.**

Plaintiff argues that the ALJ did not provide specific and legitimate reasons for discounting all or portions of the opinions of Doctors Barg, McGalliard, and Sawyer, and conclusory alleges the ALJ did not provide germane reasons for discounting the other source opinions of Ms. Garcia and Mr. Moen. These opinions

are contradicted by the opinions of Drs. Brown, Staley, Beaty, Buskirk, Gilbert, Donahue, and most of Dr. Sawyer's opinion.

The ALJ did not completely reject any of these opinions but assigned them little weight for multiple valid reasons. AR 543-45. The ALJ noted that the opinions are inconsistent with (1) the longitudinal treatment history, (2) Plaintiff's performance on physical and mental status testing, and (3) Plaintiff's daily activities. AR 544. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999). An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

These determinations made by the ALJ are supported by the record. Plaintiff physical activity level was well maintained even when he was not taking his HIV medication, he had no significant hepatitis symptoms, he reported he was comfortable lifting around 20 pounds, he enjoyed woodworking and fishing, he helped build a friend's deck, he stayed busy visiting a friend daily, shopping, and riding his bike, and Dr. McGalliard noted that Plaintiff does not have much in the way of physical disability. AR 535, 544, 567, 569, 573, 1087, 1105, 1163, 1171. Regarding Plaintiff's mental health, the ALJ noted that the record shows Plaintiff was very manipulative for self-gain and that Plaintiff refused to consider

employment because he was not interested in a conventional lifestyle. AR 406, 544. Additionally, Plaintiff's medical records show that he was stable, was less irritable and more relaxed when sober, he improved greatly when sober and compliant with his medication regimen, and the records when sober document mostly unremarkable mental status examinations showing Plaintiff was alert and oriented; had normal affect and "stable" mood; was cooperative; displayed no abnormal movements; and had intact memory, attention, and concentration. AR 406, 536, 540-41, 1129, 1134, 1153-55, 1163, 1184-85, 1281, 1285.

Additionally, Dr. Barg's opinion was given less weight because Dr. Barg opined that Plaintiff could not work since the year 2000; however, Plaintiff did work at substantial gainful levels after that time. AR 521, 545. Dr. McGalliard's opinion was also properly afforded little weight because the assessment applied only for nine months and therefore does not satisfy the 12-month durational requirement and the physical limitations opined to in the February 2011 opinion were noted to have significantly improved in Dr. McGalliard's November 2011 opinion. AR 543-45. Dr. Sawyer's opinion was also given little weight due to its vagueness, which Plaintiff does not dispute, because the opinion does not set forth the most plaintiff can do, and because Plaintiff was not forthright with Dr. Sawyer regarding his use of methamphetamine. AR 545.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in her consideration of these opinions.

**D. The ALJ did not err in finding Plaintiff's subjective complaints not entirely credible.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's statements of intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 538. The ALJ provided multiple clear and convincing reasons for discrediting Plaintiff's subjective complaint testimony. AR 538-42.

First, the ALJ found that allegations of complete disability are not supported by the objective medical evidence and contradicted by the medical findings in the record. AR 538-41. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason

to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Treatment notes showed that Plaintiff's physical examinations were mostly unremarkable, with findings that he was neurologically intact with normal gait, hands, and feet. AR 285, 548, 1080. Examinations indicated that Plaintiff remained stable and that his labs did not change significantly. AR 283, 454. Plaintiff's physical conditions improved with treatment, as treatment records from 2010 through 2012 showed that Plaintiff's HIV was well maintained on antiretrovirals. AR 283-93, 351, 420-22, 454, 538. The ALJ noted that Plaintiff's condition improved to such a degree that he did reasonably well from mid-2013 through March 2016 despite being off medication and Plaintiff's treating doctor noted that his CD4 count and viral load remained remarkably stable despite being off medication. AR 538, 1044-48. Likewise, the mental status examinations were similarly unremarkable with findings that Plaintiff was alert and oriented; had normal affect and "stable" mood; was cooperative; displayed no abnormal movements; and had intact memory, attention, and concentration. AR 405, 408, 420-22, 540-41, 1129, 1134, 1153-55, 1184-85, 1281, 1285. While the record contains negative mental status examinations as well, substantial evidence in the record supports the ALJ's decision. "The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence. *See Tommasetti*, 533 F.3d at 1041.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 21

The ALJ found Plaintiff's allegations of disabling limitations are belied by his daily activities. AR 541. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to evidence in the record that showed Plaintiff's daily activities included riding his bicycle, woodworking, going to yard sales to buy things to rebuild and finish, doing small tasks around other people's homes, fishing, gardening, and cleaning his apartment, and building a deck were inconsistent with his allegations of totally disabling limitations. AR 535, 541, 544, 567, 569, 573, 1087, 1105, 1163, 1171.

The ALJ also noted frequent and repeated inconsistent statements regarding his substance abuse and Plaintiff's manipulation for self-gain rather than attempt to work. AR 539, 541-42. An ALJ may weigh a claimant's inconsistent statements about their drug use against the credibility of their allegations. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). An ALJ may rely on ordinary techniques of credibility evaluation such as a witness's prior inconsistent statements. *Tommasetti*, 533 F.3d at 1039. The

ALJ noted that the record shows Plaintiff was very manipulative for self-gain and that he refused to consider employment because he was not interested in a conventional lifestyle. AR 406, 539, 544. The medical records are replete with instances in which Plaintiff was not forthcoming about his substance use and inconsistent statements regarding his drug and alcohol abuse, including during the June 2016 hearing. AR 499, 502-03, 522, 541-52, 1078, 1093-94, 1104.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Plaintiff's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. On remand, the ALJ should specifically consider and discuss whether Plaintiff's impairments meet or equal a listing related HIV, specifically Listing 14.11G.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 31st day of August, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge